UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **CHARLES KILGORE,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0624 AS |
| | ) | |
| **JOHN VANNATTA,** | ) | |
| | ) | |
| Respondent | ) | |

### *MEMORANDUM, OPINION AND ORDER*

On or about October 3, 2005, this pro se petitioner, Charles Kilgore, filed the within petition seeking relief under 28 U.S.C. §2254. The response filed by the Attorney General of Indiana on February 1, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Attorney General has placed before this Court a series of documents designated A through Q2, both inclusive, which explicate in great detail the proceedings involved.

This petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated at the Miami Correctional Facility in Bunker Hill, Indiana. While at the Westville Correctional Facility n this district in and around February 2005, this petitioner was the subject of a prison disciplinary proceeding before a Conduct Adjustment Board (CAB). The case designation is WCC 05-02-0226. The sanctions included a 60-day earned time credit deprivation and a credit class demotion from credit class II to credit class III. The credit class demotion was

suspended pending no further A or B conduct reports for six months.  However, the 60-day earned credit time deprivation implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974).  The loss of recreation privileges does not.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  It appears that there has been the species of administrative review contemplated in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992).  There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit.  *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

Looking at the record it appears that the CAB and the reviewing authority agreed on the factual conclusion that indeed the coat in question belonged to this petitioner.  The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States.  *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).  Generally, the so-called ADP is a species of state law for these purposes.  *See Hester v. Mc Bride*, 966 F. Supp. 765 (N.D. Ind. 1997).

The petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  July 27, 2006

                                            **S/ ALLEN SHARP**
                                            **ALLEN SHARP, JUDGE**
                                            **UNITED STATES DISTRICT COURT**